UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL R. REYES,

        Petitioner,

  vs.

ROBERT HOREL, Warden,

        Respondent.

                                    /

No. C 08-3851 PJH (PR)

**ORDER TO SHOW CAUSE; DENIAL OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the petition is directed to the outcome of a rules violation hearing, which allegedly affects the length of petitioner's sentence. Such challenges to the execution of a sentence are properly brought where the prisoner is confined, which in this case is in this district. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are

available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B. Legal Claims

Petitioner was convicted of violating a prison rule against operating an unauthorized business. Among other things, he was assessed a loss of thirty days of good time. He claims to have exhausted his claims by way of state habeas petitions, all of which were denied.

As grounds for federal habeas relief, petitioner asserts that: (1) The superior court erred in denying his state habeas petition and did not address all his claims; (2) there was no evidence to support the "guilty" finding; (3) his due process rights were violated by the prison's failure to give him an investigative employee to assist him in preparing for the hearing; (4) his due process rights were violated when he was not allowed to have witnesses on his behalf at the hearing; (5) his due process rights were violated when he was not allowed to present evidence in his defense; (6) his Confrontation Clause rights were violated when confidential information was not disclosed to him; (7) violating the rule against unauthorized business dealings is not a serious offense, so it violated his due process and First Amendment rights to find him guilty of a serious offense; (8) the rules violation report was written in retaliation for his exercise of First Amendment rights; and (9) his double jeopardy rights were violated in that the same charges had previously been dropped in the interests of justice.

There is no federal constitutional right to have a state habeas court consider all a petitioner's issues and reach the right result. Put another way, this court does not have

appellate jurisdiction over state court decisions. Petitioner's first issue will be dismissed.

As to issue six, there is no right to confrontation in a prison disciplinary proceeding. *See Wolff v. McDonnell*, 418 U.S. 539, 567-68 (1974). Issue six will be dismissed.

In issue nine petitioner contends that his double jeopardy rights were violated by a successive prosecution for the same conduct. Disciplinary sanctions do not constitute punishment within the meaning of the Double Jeopardy Clause. *See United States v. Brown*, 59 F.3d 102, 104-05 (9th Cir.1995) (stating that prison disciplinary sanctions do not violate the prohibition against double jeopardy). This claim will be dismissed.

The other claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Because of petitioner's income and prisoner account balance, leave to proceed in forma pauperis (document number 2 on the docket) is **DENIED**. Petitioner must pay the five-dollar filing fee within thirty days of the date this order is entered or the case will be dismissed. He should take care that the check or money order carries the number of this case, C 08-3851 PJH (PR), so it is applied to the correct case.

2. Issues one, six and nine are **DISMISSED**.

3. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 15, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\ORDERS\HC\OSC-2254.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL R REYES,

        Plaintiff,

  v.

ROBERT HOREL et al,

        Defendant.

Case Number: CV08-03851 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gabriel Ralph Reyes C-88996
Pelican Bay State Prison
SHU DS-121
P.O. Box 7500
Crescent City, CA 95531

Dated: August 15, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk