United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL RALPH REYES,

        Petitioner,

vs.

ROBERT HOREL, Warden,

        Respondent.

No. C 08-3851 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case involving a disciplinary proceeding in which petitioner lost good time. He has moved for entry of default, and respondent has moved to dismiss on procedural default grounds. Petitioner has opposed the motion to dismiss and respondent has replied. For the reasons set out below, petitioner's motion for default is **DENIED** and respondent's motion to dismiss is **GRANTED**.

**DISCUSSION**

**I.   Motion for Default**

When respondent did not file an answer within the time allowed, petitioner moved for entry of default. Respondent then filed a motion for an extension of time to answer, saying in a declaration by counsel that the order to show cause was not served on him and that he was not aware of the order until he received the motion for default. The court granted the extension of time, mooting the motion for default. In addition, granting a default judgment in a habeas case is generally not appropriate. *See Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994) (default disfavored in habeas cases). Petitioner's motion for entry of default will be denied.

///

**II.    Motion to Dismiss**

Respondent has moved to dismiss on grounds petitioner's claims are procedurally defaulted.

Petitioner filed a state habeas petition in the California Supreme Court raising his issues. It was denied with citations to *In re Dexter*, 25 Cal. 3d 921 (1979), and *People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995). *Dexter* stands for the rule that a habeas petitioner challenging a decision for which administrative remedies exist, for instance a disciplinary decision like this one, must exhaust them. *See Dexter* at 925. *Duvall* stands for the rule that state petitions must "state fully and with particularity the facts on which relief is sought," and "include copies of reasonably available documentary evidence supporting the claim." *Duvall* at 1258.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent contends that the California Supreme Court's citations to *Dexter* and *Duvall* show that petitioner did not adequately plead and prove that he had exhausted administrative remedies. The state petition is on a form. Petitioner answered a question that asked whether he had exhausted administrative remedies by checking the "yes" box, wrote that he had "[e]xhausted all level[s] of administrate review," and gave the log number of his administrative appeal. Mot. Dismiss, Exh. 1 at 6. This was sufficient to plead exhaustion of administrative remedies. Petitioner did not, however, attach copies of his administrative appeal papers, so did not comply with the requirement in *Duvall* that he "include copies of reasonably available documentary evidence supporting the claim." *See Duvall* at 1258. Petitioner attached the necessary proof to his opposition to the motion to dismiss, Opp'n, Ex. A, but of course that was too late.

2

Both *Duvall* and *In re Swain,* 34 Cal. 2d 300, 304 (1949), stand for the rule that a California habeas petition must state with "particularity the facts on which relief is sought," although *Duvall* also stands for the proposition that documentary evidence must be provided. *Duvall*, 9 Cal. 4th at 474. If a petition is dismissed for failure to state the facts with particularity – that is, with a cite to *Duvall* or *Swain* – the petitioner may file a new petition curing the defect. *Gaston v. Palmer*, 417 F.3d 1030, 1037 (9th Cir. 2005); *see Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986). There is no reason the result should be any different when the defect in the state petition was failure to attach documents than when the defect was failure to plead with particularity. Neither are irremediable errors, such as untimeliness. The court concludes, therefore, that the California Supreme Court would allow petitioner to file a new state petition remedying the defect of the old one. That is, although this particular state petition was denied for procedural reasons, petitioner's claims are not procedurally defaulted in state court – he can bring them up in a new petition – and thus the federal petition is not procedurally barred.

Respondent also contends that because the state supreme court did not consider petitioner's claims on the merits, the claims are not exhausted. This is correct. *See Kim*, 799 F.2d at 1319. The motion to dismiss will be granted on this ground.[1]

## CONCLUSION

Petitioner's motion for entry of default (document number 5) is **DENIED** as moot. Respondent's motion to dismiss (document 10) is **GRANTED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 14, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\REYES3851.DSM.wpd

---

[1] Because petitioner has not exhausted any of his claims, the petition is not mixed and the option of staying this case while he returns to state court to exhaust is not available. A district court does not have discretion to stay a petition containing only unexhausted claims. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).